UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-230(DSD)

United States of America,

    Plaintiff,

v.               **ORDER**

Ausby Stowers,

    Defendant.


  This matter is before the court upon the pro se motion by defendant Ausby Stowers for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.


**BACKGROUND**

  On December 7, 2001, defendant pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 851.  At the April 19, 2002, sentencing hearing, the court determined that defendant was a career offender under U.S. Sentencing Guidelines § 4B1.1.  As a result, defendant's Guidelines imprisonment range was 262 to 327 months based upon a criminal history category of VI and a total offense level of 34. The court sentenced defendant to 262 months imprisonment.

On March 3, 2009, Stowers filed a motion for resentencing pursuant to Amendment 706 and 711 of the Sentencing Guidelines.[1] After determining that Stowers was sentenced as a career offender under Guidelines § 4B1.1, the court denied the motion. See ECF No. 69. The Eighth Circuit affirmed. See ECF No. 72. On February 24, 2012, defendant moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 750.

## DISCUSSION

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. See 18 U.S.C. § 3582(c).  On November 1, 2011, the Sentencing Commission promulgated Amendment 750, which reduces the base offense level for many offenses involving cocaine base (crack cocaine).  See U.S. Sentencing Commission Guidelines Manual § 2D1.1(c) (2011); id. app. C, amend. 750, pt. A.  When considering a sentence reduction, the court makes a two-step inquiry. See United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc).  The first step requires the court to calculate the Guidelines range that would have applied if the relevant amendment had been in force at the time of the original sentencing. See U.S.

---

[1]  These amendments retroactively "changed the drug quantity table in [Guidelines] § 2D1.1 and decreased by two the base offense level assigned to each threshold quantity of crack." United States v. Whiting, 522 F.3d 845, 851-52 (8th Cir. 2008).

Sentencing Commission Guidelines Manual § 1.10(b)(1); <u>Hasan</u>, 245

F.3d at 684–85 (citation omitted).   The court then determines

whether and to what extent to reduce a defendant's sentence.   <u>See</u>

<u>Hasan</u>, 245 F.3d at 685.

In the present case, the court need not undertake this two-

step analysis.   Although the November 1, 2011, crack cocaine

amendments are retroactive, they do not change the base offense

level applicable to career offenders sentenced under Guidelines

§ 4B1.1.   <u>See</u> <u>United States v. Colbert</u>, No. 04-366(1), 2012 WL

694473, at *2 (D. Minn. Mar. 1, 2012); <u>accord</u> <u>United States v.</u>

<u>Tingle</u>, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam) (explaining

that Amendment 706 does not apply to career offenders); <u>United</u>

<u>States v. Miranda</u>, 524 F.3d 840, 841 (8th Cir. 2008) (per curiam)

(same).   In Amendment 750, the Sentencing Commission lowered the

offense levels applicable to Guidelines § 2D1.1, but did not lower

the sentencing range for career offenders under Guidelines § 4B1.1.

As already discussed, Stowers was sentenced as a career offender

pursuant to § 4B1.1.   Therefore, Stowers original guideline range

has not changed, and he is not eligible for a sentence reduction.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion [ECF No.

74] is denied.

Dated:  April 16, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court